BRENNAN *v.* GRIFFITHS.

(*City Court of New York, General Term.* March 11, 1892.)

PLEADING—ANSWER TO IMMATERIAL ALLEGATIONS.
> Where plaintiff in an action for breach of promise of marriage makes the unnecessary allegation that defendant is a foreigner, and only temporarily residing at the place where suit is brought, she cannot have stricken out the answering allegations that he has acquired a domicile there, and is permanently located in his present quarters, and has signified his intention of becoming an American citizen.

Appeal from special term.

Action by Margaret D. Brennan against Percival D. Griffiths for breach of promise of marriage. From an order of special term striking out part of his answer with costs of motion, defendant appeals. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

*Guggenheimer & Untermyer,* for appellant.   *W. Lane O'Neill,* for respondent.

FITZSIMONS, J. This is an action for $100,000 damages for alleged breach of promise to marry. Paragraph "first" of the complaint alleges "that defendant is a non-resident, not a citizen, but an Englishman and British subject, whose domicile is in England, and he is only temporarily residing and employed here," etc. The answer denies the allegations of the complaint. The "first" paragraph thereof is as follows: "*First.* He denies that he is a non-resident, and he denies that his domicile is in England, or that he is only temporarily residing here. He alleges that he is permanently residing at No. 576 Fifth avenue, in the city of New York, occupying apartments which are leased by him by the year, and that he has been an actual resident or inhabitant of the city, county, and state of New York, and has been actually domiciled there, for upwards of three years last past; and this defendant further alleges that he has expressed his intention of becoming an American citizen." Plaintiff's counsel moved to strike out of the complaint said paragraph, which motion was granted as follows: "It is ordered that the following words, forming part of and contained in the first paragraph of the defendant's answer to the amended complaint, namely: 'He alleges that he is permanently residing at No. 576 Fifth avenue, in the city of New York, occupying apartments which are leased by him by the year, and that he has been an actual resident or inhabitant of the city, county, and state of New York, and

has been actually domiciled there, for upwards of three years past; and this defendant further alleges that he has expressed his intention of becoming an American citizen,'—and the same are hereby stricken out of the said defendant's answer to the amended complaint, and defendant is to pay to plaintiff ten dollars costs of this motion." From said order this appeal is taken. We think that the justice at special term erred in making said order. The allegation in the complaint above mentioned is irrelevant and redundant, not at all necessary to a correct and just disposition of this cause of action set out in said complaint. In such a case the plaintiff cannot reasonably complain if the defendant answers such allegations fully and fairly. The plaintiff provoked the defendant to answer her assertion of his non-residence as he did. He was compelled to do so. "Where a plaintiff unnecessarily loads his complaint with allegations not essential to his success, he cannot complain if the defendant answers them by responses which are proper in themselves, considered in relation to the matter which provokes them. *McIntyre* v. *Ogden*, 17 Hun, 604." The order appealed from is reversed, with $10 costs.